UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-00419

JENNIFER MARQUEZ, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

BOKF, NA

    Defendant.

**DEFENDANT BOKF, NA'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant BOKF, NA ("Defendant" or "BOKF"), in an abundance of caution, because BOKF is aware of the Complaint in spite of the lack of service and in spite of the lack of a summons[1], appears and provides notice of its removal of this action pursuant to 28 U.S.C. § 1441 and § 1446 and D.C. Colo. LCivR 81.1 from the District Court of Denver County in the State of Colorado, Case No. 2025CV30083, to the United States District Court for the District of Colorado.

In support of the removal, BOKF states as follows:

### I.   Parties Named by Plaintiff

1. Plaintiff is an individual, Jennifer Marquez ("Plaintiff" or "Marquez").

2. Defendant BOKF is a national banking association with its headquarters and principal place of business in Tulsa, Oklahoma. *See* Office of the Comptroller of the Currency, *National Banks Active as of 1/31/*2025, https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf (last visited Feb. 6, 2025).

3. Plaintiff was an employee of BOKF from January 1, 2019, through February 11, 2022, the effective date of Plaintiff's resignation of employment for a better career opportunity.

4. BOKF (formerly Colorado State Bank & Trust ("CSBT") classified Plaintiff as a non-exempt salaried employee. BOKF paid Plaintiff overtime if/when Plaintiff submitted overtime (as BOKF required). If/when Plaintiff submitted at least 39 hours per

---

[1] BOKF has agreed to accept service of the Complaint via email as of February 14, 2025. Plaintiff is in agreement to the service date on February 14, 2025. (Email dated Jan. 31, 2025 at 1243 MST/1343 CST.)

1

week, BOKF paid Plaintiff *for time not worked* between hours 39 and 40 that week. *See* Ex. 5 (Time Records); Ex. 6 (Marquez Pay Statements) at Time Code "PT40."

## II.     Unserved Complaint Without Response

5.     On January 7, 2025, Marquez filed a Complaint against Defendant in the District Court in and for Denver County, Case No. 2025CV30083. Ex. 1 (Class Action Compl.).

6.     Plaintiff has not served the Complaint. No summons has been filed. No Certificate of Service has been filed. Plaintiff has not transmitted the Complaint to BOKF or its registered agent or its counsel. *See supra* p. 1 n.1.

7.     Defendant has not answered or otherwise responded to the Complaint as of the filing of this Notice of Removal. *See id.* (noting BOKF has agreed to accept service of the Complaint via email as of February 14, 2025. Plaintiff is in agreement to the service date on February 14, 2025. (Email dated January 31, 2025 at 1243 MST/1343 CST.)

8.     In the Complaint, Plaintiff alleges:

> The Colorado Wage Claim Act, C.R.S. § 8-4-101, et seq. (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, et seq., and their implementing regulations, see, e.g., 7 Colo. Code Regs. § 1103-1, contain various requirements regarding employee wages and working hours. Defendant violated these laws by failing to ensure that employees received all required breaks during their shifts and failing to pay employee for breaks missed during their shifts. Defendant also violated these laws by failing to pay employees for all time worked.

Ex. 1 ¶ 1.

### III. Diversity

**A. Marquez Is a Citizen of Colorado; BOKF Is a Citizen of Oklahoma.**

9. Plaintiff Marquez is a resident and citizen of the State of Colorado. Ex. 1 ¶ 2.

10. All remaining putative class members are claimed to be subject to the Colorado Wage Claim Act. Ex. 1 ¶ 15. Based on this, it is Defendant's good faith belief that all putative class members are residents of the State of Colorado.

11. For purposes of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, the courts apply the "nerve center" test. *See Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010). In applying this test, courts seek to determine "the center of overall direction, control, and coordination" of a corporation, as well as where the top officers of the corporation are located and where "the bulk of a company's business activities visible to the public take place." *Id.* at 96.

12. Defendant's headquarters and principal place of business are located in Tulsa, Oklahoma, its "nerve center," where its officers direct, control, and coordinate the national banking association's activities. Defendant's Human Resources Department and payroll personnel are located in Tulsa, Oklahoma.

13. There is diversity of citizenship as Plaintiff is a citizen of Colorado and BOKF is a citizen of Oklahoma.

### B. Amount in Controversy

14. The sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). The defendant does not have to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *Id.* at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

15. Plaintiff's complaint seeks damages, for herself and on behalf of a class, for unpaid wages, compensatory damages for emotional distress, penalties under the Colorado Wage Claim Act, including, but not limited to: treble damages, damages for civil theft, attorneys' fees and litigation expenses, and pre-judgment interest. Ex. 1 ¶¶ 20, 22-23, 28-30, 38-39, & Request for Relief. Plaintiff further alleges Defendant's actions were willful. *Id.* ¶¶ 20, 28.

16. Although Plaintiff does not request a specific amount in damages in Plaintiff's Complaint, Plaintiff generally alleges failure to pay for opening security procedures, breaks, lunch, breaks, and other time worked.

17. Plaintiff specifically alleges that BOKF failed to pay her and Colorado overtime eligible employees for breaks during shifts and for all time worked. Ex. 1 ¶¶ 1, 11. Plaintiff specifically alleges that "Defendant deducted time for meal breaks that never occurred." *Id.* at ¶ 14. Plaintiff specifically alleges that Defendant "failed to pay

employees for pre-shift work conducting security procedures and opening up the branches at which they worked." *Id.*

18.     Plaintiff worked more than 700 days during her employment between January 29, 2019, and February 11, 2022. Ex. 5 (Marquez Time Records); Ex 6 (Marquez Pay Records).

19.     Assuming arguendo, without admitting and denying the same, that Plaintiff failed to input time worked (in contravention of BOKF policy) into the record keeping system for 10 minutes each morning, two 10 minute breaks a day, and one 30 minute break for lunch, an estimate of Plaintiff's alleged work off the clock per day would be a total one hour per day worked during her tenure.

20.     Plaintiff's hourly rates of pay and number of days or partial days worked are summarized in the following table.[2]

---

[2] Assumptions are for purposes of jurisdiction only and do not apply defenses or credits. BOKF disputes Marquez allegations of off-the-clock work and reserves all of its defenses. At this early juncture, BOKF has not compared Badge Access Records to Plaintiff's recorded time records. BOKF has not applied credits for BOKF pay for hours not worked under time code PT40 (for unworked time between 39 hours and 40 hours each week). BOKF has not discounted days or partial days during weeks with vacation or sick days out (which weeks would not support a claim for overtime) for purposes of these assumptions.

5

| Year | Period Start Date | Period End Date | Hourly Rate | Approximate Number of Days Worked or Partial Worked Days (See Fn. 2). | Assumption one (1) Hour Per Day or Partial Day Worked for Purposes of Jurisdiction Only | Overtime Multiplier | Assumption Subject to Defenses | Treble Damages |
|---|---|---|---|---|---|---|---|---|
| 2019 | 1/28/2019 | 12/31/2019 | $21.63 | 253 | $5,471.45 | 1.50 | $8,207.18 | **$24,621.54** |
| 2020 | 1/1/2020 | 2/29/2020 | $22.71 | 43 | $976.43 | 1.50 | $1,464.64 | $4,393.92 |
|  | 3/1/2020 | 12/31/2020 | $23.39 | 173 | $4,046.26 | 1.50 | $6,069.39 | $18,208.18 |
| 2020 |  |  |  | 216 | $0.00 | 1.50 | $0.00 | **$22,602.10** |
| 2021 | 1/1/2021 | 2/28/2021 | $23.39 | 42 | $982.33 | 1.50 | $1,473.49 | $4,420.48 |
|  | 3/1/2021 | 12/31/2021 | $23.74 | 211 | $5,009.08 | 1.50 | $7,513.62 | $22,540.85 |
| 2021 |  |  |  | 253 | $0.00 | 1.50 | $0.00 | **$26,961.33** |
| 2022 | 1/1/2022 | 2/11/2022 | $23.74 | 23 | $546.01 | 1.50 | $819.02 | **$2,457.06** |
| Total |  |  |  | 745 |  |  |  | $76,642.03 |

Ex. 6 (Marquez Pay Statements); Ex. 5 (Marquez Time Records).

21. Applying arguendo, solely for purposes of this removal, the assumption of one hour off-the-clock per day Marquez worked, regardless of weeks with vacation or other leave (which weeks would not render overtime) (and which assumption BOKF disputes), Marquez would have worked 745 hours of off the clock work. *See supra* ¶ 18-19.

22. Plaintiff alleges treble damages. Ex. 1 ¶ 38. Trebling based solely on Marquez's allegations would result in a total damages amount of $76,642.03. *See supra* ¶ 19.

23. Defendant contends that Plaintiff Marquez's claims are without merit, that neither Marquez nor the putative class members are entitled to money or any other form of recovery, in any amount whatsoever, and that class certification would be

6

inappropriate. Solely for the purposes of meeting the jurisdictional requirements of removal, however, Defendant submits that the aggregate amount "in controversy" for Plaintiff easily exceeds $75,000.00, even without damages for purported emotional distress Plaintiff claims, and the additional claimed damages discussed next.

        1.      Plaintiff Alleges All Colorado Overtime Eligible Employees Should Be Included in the Class.

24.    Plaintiff describes the putative class as: "ALL OF DEFENDANT'S HOURLY EMPLOYEES WHO WORKED FOR DEFENDANT IN COLORADO FROM SIX YEARS PRIOR TO THE FILING OF THIS LAWSUIT THROUGH FINAL JUDGMENT." Ex. 1  ¶ 15.

25.    BOKF disputes that Plaintiff's overly broad proposed definition is a proper class.

26.    Plaintiff was a Colorado retail banking center overtime-eligible employee filling the position of a Bilingual Senior Universal Banker in the Consumer Banking Division In the Traditional Branch Banking Group in Branch. Ex. 7 (Marquez Job Description).

27.    For purposes of this removal, Defendant addresses estimates of the number of overtime eligible retail banking center employees in Colorado.

28.    BOKF currently lists 11 retail Banking Centers in Colorado. Ex. 8 (Website – Find a Location – Banking Center). *See also* Ex. 9 (FDIC Institution Details – Colo.).

29.    Even assuming only two retail employees per Colorado banking center with alleged unpaid breaks, lunch breaks, and security sweeps, based upon Marquez's

7

allegations and the assumptions herein, the amount in controversy would vastly exceed the $75,000.00 threshold. *See supra* ¶ 19.

        2.     Plaintiff Claims Attorneys' Fees and Litigation Costs, Which Are Included in the Amount in Controversy Calculation.

30.     Attorneys' fees and litigation costs are properly included in an amount-in-controversy calculation. *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217–18 (10th Cir. 2003).

31.     Though Defendant disputes the merit of this litigation, generally, and in particular based on a review of Marquez's Time Records, Pay Statements, and Badge Access records, assuming a percentage of Marquez alleged off-the-clock damages, attorneys' fees would push the amount in controversy well over the $75,000 threshold as some of Plaintiff's claims include fee-shifting provisions.

        3.     Summary of Amount in Controversy

32.     Plaintiff alleges in the Complaint that Plaintiff and Class members are entitled to damages, treble damages, attorneys' fees, costs, statutory interest, and all other relief deemed appropriate by the Court. Ex. 1 ¶¶ 22, 30, 38, & Request for Relief. Based on Plaintiff's broad allegations and claims for damages, treble damages, interest, and attorneys' fees and costs, the amount in controversy just as to Plaintiff easily exceeds $75,000.00.

33.     The Court has original jurisdiction of the claims alleged in the Complaint pursuant to 28 U.S.C. § 1332, and this action may, therefore, be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a).

### IV.     Supplemental Jurisdiction

34.     This Court will have supplemental jurisdiction of any of Plaintiff's additional claims, pursuant to 28 U.S.C. § 1367, as these claims related to and arise from the same alleged case or controversy as Plaintiff's claims under the Colorado Minimum Wage Act.[3]

35.     The entire action is removable pursuant to 28 U.S.C. § 1441(a) and (c).

### V.     No Other Defendants

36.     There are no defendants other than BOKF; therefore, no consent to jurisdiction is required.

### VI.     Compliance with 28 U.S.C. § 1446 and LCvR81.1

37.     In compliance with 28 U.S.C. § 1446 and LCvR81.1, the following documents are attached.

| Ex. No. | Filing | Date |
|---|---|---|
| 1 | Complaint | 1/7/2025 |
| 2 | State Court Docket | 2/7/2025 |
| 3 | Delay Reduction Order | 1/8/2025 |
| 4 | State Court Civil Cover Sheet | 1/7/2025 |

38.     In accordance with LCvR81.1, the State Court Docket Sheet is attached as Ex. 2.

---

[3] Plaintiff has alleged emotional and compensatory damages, in relation to Plaintiff's wage and hour claims. In an abundance of caution, Defendant has asserted supplemental jurisdiction over any claims that might be included.

## VII. Answer

39. As set forth in footnote 1 and paragraph 6 above, Defendant has not responded to or otherwise answered the Complaint as of the filing of this Notice of Removal.

## VIII. No Pending Discovery

40. There is presently no pending discovery in this matter.

## IX. Removal is Timely

41. Under 28 U.S.C. § 1446, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." See *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Defendant has not yet been served. *Supra* ¶ 6 & n.1. The Complaint was filed on January 7, 2025. Ex. 1. Because Defendant files this Notice of Removal on February 7, 2025, removal is timely.

42. In addition, as required by 28 U.S.C. § 1446(c), this Notice of Removal has been filed within one year of the commencement of the State Court Action, which occurred on January 7, 2025. *Id.*; Ex. 2 (State Court Docket).

## X.   Notice

43.   Written notice of removal shall be given to all adverse parties and a copy of this Appearance and Notice of Removal will be filed with the Clerk of the District Court of Denver County in the State of Colorado, in accordance with 28 U.S.C. § 1446.

## XI.   Reservation of Rights and Jury Trial Demand

44.   As set forth above and in footnote 1, Defendant expressly reserves all rights and defenses relating to Plaintiff's respective claims.

45.   Defendant demands a jury trial for claims and damages that are subject to jury trial.

Dated:  February 7, 2025.                Respectfully submitted,

*s/ Jessica G. Scott*
Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile:  303.244.1879
Email:  scott@wtotrial.com

and

Erica A. Dorwart
Frederic Dorwart Lawyers PLLC
124 E. Fourth Street
Tulsa, OK 74103
918.583.9922
edorwart@fdlaw.com

Attorneys for Defendant BOKF, NA

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 7, 2025, I electronically filed the foregoing **DEFENDANT BOKF, NA'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Brian D. Gonzales**
  gbonzales@coloradowagelaw.com

*s/ Jessica G. Scott*